IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **STEVEN P. COTSIRILOS**, | ) | No. 11 B 36759 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Cox |
| _____ | ) | |
| | | |
| **LAKE FOREST BANK & TRUST CO.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11 A _____ |
| | ) | |
| **STEVEN P. COTSIRILOS**, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY AND
FOR DECLARATION OF RIGHTS**

LAKE FOREST BANK & TRUST COMPANY by its attorneys LETVIN & STEIN complains of debtor STEVEN P. COTSIRILOS as follows:

**Count I—Determine Dischargeability**

**Jurisdiction & Venue**

1. Debtor STEVEN P. COTSIRILOS, a resident of Cook County, Illinois, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 9, 2011.

2. This case has not been converted and no plan of reorganization has been filed or confirmed.

3. This is a core proceeding under 28 USC Section 157(b)(2)(I).

4. This court has venue of this matter under 28 USC Section 1409(a).

**Factual Allegations**

5. Lake Forest Bank & Trust Company (Lake Forest) is an Illinois chartered bank with offices in Lake County, Illinois.

1

6. Debtor is and at all pertinent times has been married to Dianne Cotsirilos.

7. On March 4, 2010 with an intent to deceive, debtor gave Lake Forest a financial statement to obtain an extension, renewal or refinancing of indebtedness from Lake Forest.

8. In reasonable reliance on that financial statement and the false representations therein, and without knowledge of the falsity of certain representations thereon, Lake Forest did extend credit to Cotsirilos in the form of refinancing, extending and renewing credit to him by accepting a promissory note from him and his wife in the principal amount of $828,673.52 dated March 31, 2010.

9. Debtor is and remains indebted to Lake Forest on said promissory note, which note has come due by its own terms and not been paid.

10. The financial statement contained statements in writing that were materially false concerning the debtor's financial condition (11 USC Section 523(a)(2)(B)) in that:

   a. It failed to disclose the existence of a money judgment entered against him by the Circuit Court of Cook County on February 9, 2010 in the amount of $348,673.96 in cause No. 09 CH 15961;

   b. It failed to disclose the existence of the liability that was the predicate for the judgment entered against him by the Circuit Court of Cook County on February 9, 2010 in the amount of $348,673.96 in cause No. 09 CH 15961;

   c. It otherwise failed to disclose material facts concerning the debtor's financial condition.

11. Lake Forest has been damaged by having been provided that false financial statement and its reliance thereon in making the extension of credit evidenced by the note.

WHEREFORE Lake Forest prays that the court will determine that debtor's debt or a portion thereof to Lake Forest is non-dischargeable, and for such other and further relief as the court deems appropriate under the circumstances.

**Count II—Declaration of Rights**

12. Lake Forest realleges the allegations of paragraphs 1 through 6 as paragraph 12 hereof.

13. Debtor previously was the debtor in a voluntary Chapter 11 proceeding in this court, Docket No. 10 B 27026, which matter was ultimately dismissed without confirmation of a plan of reorganization.

14. In said proceeding Lake Forest filed an adversary complaint against the debtor seeking a finding of non-dischargeability of the indebtedness at issue in Count I hereof (No. 10 A 01806).

15. Prior to dismissal of the underlying Chapter 11, this court entered an agreed final judgment order in said adversary proceeding on November 3, 2010 finding said indebtedness to be non-dischargeable.  A copy of this court's order is attached hereto.

16. No appeal was taken from said November 3, 2010 order, and it was and remains a final order with res judicata effect.

17. Lake Forest is entitled to a declaration of rights between the parties finding the November 3, 2010 order in the prior adversary to be a final binding order as between the parties.

WHEREFORE Lake Forest prays that the court will declare the rights of the parties and find the November 3, 2010 order to be binding and dispositive of the rights of the parties, and for such other and further relief as the court deems appropriate under the circumstances.

LETVIN & STEIN

By: /s/ David J. Letvin

David J. Letvin
ARDC No. 1626256
LETVIN & STEIN
541 N. FAIRBANKS COURT
SUITE 2121
CHICAGO, IL 60611
312/527-2841
Attorneys for Lake Forest Bank & Trust Company

3